CV 13        0013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATTIS EHRLICH on behalf of himself and
all other similarly situated consumers

        Plaintiff,

   -against-

P&B CAPITAL GROUP, LLC

        Defendant.

MAUSKOPF J.

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Plaintiff, Mattis Ehrlich brings this action on behalf of himself and all others similarly

situated, by way of this Class Action Complaint for the illegal practices of Defendant

P&B Capital Group, LLC who, inter alia, used false, deceptive, and misleading

practices, and other illegal practices, in connection with its attempts to collect an alleged

debt from the Plaintiff and others.

2.    The Plaintiff alleges that Defendant's collection practices violate the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Such collection

practices include, inter alia:

-1-

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

-2-

5.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995); <u>Goldman v. Cohen</u>, 445 F.3d 152, 155 (2d Cir. 2006).

6.      To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(l)-(6). Among the per se violations prohibited by that section are the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6). To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and

-3-

the failure by debt collectors to disclose in subsequent oral communications with

consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

## *PARTIES*

7.   At all times relevant to this lawsuit, Plaintiff is a citizen of the State of New York who

resides within this District.

8.   Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

9.   The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

debt.

10.   At all times relevant to this lawsuit, Defendant's principal place of business is located

within Buffalo, New York.

11.   Defendant is regularly engaged upon, for profit, in the collection of allegedly owed

consumer debts.

12.   Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

## *JURISDICTION & VENUE*

13.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14.   Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events giving rise to the claims of Plaintiff occurred within this

federal judicial district.

-4-

## *FACTS PARTICULAR TO MATTIS EHRLICH*

15.     Upon information and belief, on a date better known by Defendant, Defendant began to

        attempt to collect an alleged consumer debt from the Plaintiff.

16.     Within the one year immediately preceding the filing of this complaint, the Defendant

        contacted the Plaintiff on multiple occasions via telephone and left numerous voice

        messages in an attempt to collect the alleged obligation.

17.     By way of limited example only, the following is a transcript of one such "live" message

        that Defendant left for Plaintiff on his cellular telephone voicemail system on or about

        October 24, 2012:

        "This message is intended for Matt Ehrlich ... please hang up or disconnect if you're not

        that party.  If you are Matt Ehrlich, continue to listen to this message in private.  Matt

        contact P&B Capital Group today at 8885699635 ... when returning the call you will

        need to provide ... your file number that is 2461656 again Mr. Ehrlich contact P&B

        Capital Group today the number is toll free for you 8885699635.  Thank you."

18.     At the time Plaintiff received the said messages, he did not know the identity of the

        caller.

19.     At the time Plaintiff received the said messages, he did not know any company named

        "P&B Capital Group."

20.     At the time Plaintiff received the said messages, he did not know that the caller was a

-5-

debt collector.

21. At the time Plaintiff received the said messages, he did not know that the call concerned the collection of a debt.

22. Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Each of the messages were left by persons employed by Defendant as non-attorney debt collectors in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

25. The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and to speak with a debt collector employed by P&B Capital Group, LLC, and to provide the debt collector with personal information.

26. The Defendant intended that the messages have the effect of causing Plaintiff, and least sophisticated consumers to place return calls to the telephone number provided in the messages and to speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.

-6-

Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

27. At all times relevant to this action, P&B Capital Group, LLC was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its' company name and stating the nature and/or purpose of the call.

28. At all times relevant to this action, P&B Capital Group, LLC willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

29. The Defendant's act of leaving the said messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

30. The Defendant's act of leaving the said messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

-7-

31.    The FDCPA secures a consumer's right to have a debt collector cease further
       communications with the consumer.  By failing to meaningfully identify itself, disclose
       the purpose of its call and state that P&B Capital Group, LLC is a debt collector in a
       manner understandable to the least sophisticated consumer, the Defendant has engaged
       in conduct designed to deprive consumers of their right to have a debt collector cease
       further communications.

32.    It is Defendant's policy and practice to  leave telephonic voice messages for consumers
       and other persons, such as the above said messages, that violate the FDCPA by, inter
       alia:

       (a)    Failing to provide meaningful disclosure of P&B Capital Group, LLC's identity;
              and

       (b)    Failing to disclose that the call is from a debt collector; and

       (c)    Failing to disclose the purpose or nature of the communication, i.e. an attempt to
              collect a debt.

33.    Upon information and belief, such messages, as alleged in this complaint, number at
       least in the hundreds.

34.    Upon information and belief, the said messages were either pre-scripted or pre-recorded.

35.    Defendant has engaged in a pattern of leaving said messages without disclosing that the
       communication is from a debt collector.

-8-

36.   The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11)

for failing to indicate that the messages were from a debt collector. This constitutes a

deceptive practice.

### *CLASS ALLEGATIONS*

37.   This action is brought as a class action. Plaintiff brings this action on behalf of himself

and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal

Rules of Civil Procedure.

38.   With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all

persons in the State of New York (b) for whom P&B Capital Group, LLC left a

voicemail or answering machine message, in the form of the above said messages (c)

that did not identify P&B Capital Group, LLC by its true company name or state that the

call was for collection purposes (d) made in connection with P&B Capital Group, LLC's

attempt to collect a debt (e) which the said messages violate the FDCPA (f) during a

period beginning one year prior to the filing of this initial action and ending 21 days

after the service of the initial complaint filed in this action.

39.   The identities of all class members are readily ascertainable from the records of P&B

Capital Group, LLC and those business and governmental entities on whose behalf it

attempts to collect debts.

-9-

40.   Excluded from the Plaintiff's Class are the Defendants and all officers, members,
      partners, managers, directors, and employees of P&B Capital Group, LLC, and all of
      their respective immediate families, and legal counsel for all parties to this action and all
      members of their immediate families.

41.   There are questions of law and fact common to the Plaintiff's Class, which common
      issues predominate over any issues involving only individual class members.  The
      principal issues are whether the Defendant's telephonic voice messages, such as the
      above said messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

42.   The Plaintiff's claims are typical of the class members, as all are based upon the same
      facts and legal theories.

43.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class
      defined in this complaint.  The Plaintiff has retained counsel with experience in handling
      consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor
      his attorneys have any interests, which might cause them not to vigorously pursue this
      action.

44.   This action has been brought, and may properly be maintained, as a class action pursuant
      to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a
      well-defined community interest in the litigation:

-10-

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis

alleges, that the Plaintiff's Class defined above is so numerous that joinder of

all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact

exist as to all members of the Plaintiff's Class and those questions

predominate over any questions or issues involving only individual class

members.  The principal issues are whether the Defendant's telephonic voice

messages, such as the above said messages violate 15 U.S.C. §§ 1692d(6),

1692e(10), and 1692e(ll).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class

members.  Plaintiff and all members of the Plaintiff's Class defined in

this complaint have claims arising out of the Defendant's common uniform

course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests

of the class members insofar as Plaintiff has no interests that are adverse to

the absent class members.  The Plaintiff is committed to vigorously

litigating this matter.  Plaintiff has also retained counsel experienced in

handling consumer lawsuits, complex legal issues, and class actions.

-11-

Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

45. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

-12-

46.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is
        also appropriate in that the questions of law and fact common to members of the
        Plaintiff's Class predominate over any questions affecting an individual member, and a
        class action is superior to other available methods for the fair and efficient adjudication
        of the controversy.

47.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the
        time of class certification motion, seek to certify one or more classes only as to
        particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *FIRST CAUSE OF ACTION*

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf
of himself and the members of a class, as against the Defendant.***

48.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1)
        through forty seven (47) as if set forth fully in this cause of action.

49.     Defendant violated the FDCPA.  Defendant's violations with respect to the above said
        messages include, but are not limited to, the following:

        (a)     Engaging in conduct the natural consequence of which is to harass, oppress,
                or abuse any person in connection with the collection of a debt, in violation
                of 15 U.S.C. § 1692d;

-13-

(b)    Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), in violation of 15 U.S.C. § 1692d(6);

(c)    Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(d)    Failing to disclose in its initial communication with the consumer, when that communication is oral, that Defendant, P&B Capital Group, LLC was attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e)    Failing to disclose in all oral communications that P&B Capital Group, LLC is a debt collector in violation of 15 U.S.C. § 1692e(11).

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter a judgment in Plaintiff's favor as against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the

-14-

circumstances.

Dated: Brooklyn, New York
       December 28, 2012

                                Maxim Maximov, Esq.
                                Attorneys for the Plaintiff
                                Maxim Maximov, LLP
                                1600 Avenue M, 2nd Floor
                                Brooklyn, New York 11230
                                Office: (718) 395-3459
                                Facsimile: (718) 408-9570
                                E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                Maxim Maximov, Esq.

-15-